**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3060-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FRANKIE E. LANE,

    Defendant-Appellant.

_____

Submitted May 19, 2026 – Decided August 5, 2026

Before Judges Sumners and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 21-08-1083.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

William E. Reynolds, Atlantic County Prosecutor, attorney for respondent (Kristen Pulkstenis, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

On June 11, 2001, defendant Frankie E. Lane was sharing a room with Sharon Whaley at an Atlantic City casino hotel when he stabbed her three times and cut her twenty-five times, causing her to bleed to death. Over two months later, he was indicted for first-degree murder, N.J.S.A. 2C:11-3(a)(1), and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d).

On March 9, 2023, defendant's trial counsel filed a notice of self-defense pursuant to N.J.S.A. 2C:3-4. Six weeks later at the beginning of trial, defendant pled guilty to an amended count of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1). He was subsequently sentenced to twenty years' incarceration, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, in accordance with the plea agreement.

Defendant did not file a direct appeal but filed a timely petition for post-conviction relief (PCR). He alleged trial counsel provided ineffective assistance by: (1) abandoning the claim of self-defense; and (2) failing to argue at sentencing mitigating factors two—no contemplation of the harm caused by defendant's conduct, N.J.S.A. 2C:44-1(b)(2), and three—defendant acted under strong provocation, N.J.S.A. 2C:44-1(b)(3). Defendant sought an evidentiary hearing.

A-3060-24

PCR Judge Dorothy Incarvito-Garrabrant denied defendant's petition without an evidentiary hearing, for reasons explained in a written decision. Applying the Strickland/Fritz[1] two-prong test, the judge found defendant failed to show: (1) that trial counsel was ineffective; and (2) that he was prejudiced by trial counsel's performance.

Regarding the first prong, the PCR judge stressed that trial counsel served a notice of self-defense and was prepared to start the trial, but defendant voluntarily waived his right to trial by pleading guilty to the amended charge of aggravated manslaughter. The judge reasoned that arguing self-defense "contributed to the favorable resolution to a reduced charge, which would provide for the possibility of parole after [serving] eighty-five percent of the twenty[-]year" prison term. The judge also emphasized that trial counsel argued at sentencing that self-defense should be considered in applying mitigating factors four—substantial grounds excused or justified defendant's conduct N.J.S.A. 2C:44-1(b)(4), and five—the victim induced defendant's conduct, N.J.S.A. 2C:44-1(b)(4). The trial judge, however, rejected the argument. The PCR judge held that trial counsel's decision "not to argue . . . [m]itigating

---

[1] Strickland v. Washington, 466 U.S. 668, 687 (1984), adopted in State v. Fritz, 105 N.J. 42, 58 (1987).

[f]actors [two] and [three] fails to fall outside the wide range of reasonable, professional conduct under the totality of circumstances attendant to this plea."

Regarding the second prong, the PCR judge determined defendant could not show he was prejudiced by trial counsel—meaning the outcome of his prosecution would have been different—because there was no unprofessional representation by trial counsel.

The PCR judge, citing State v. Preciose, 129 N.J. 451, 462-63 (1992), declined to conduct an evidentiary hearing because there were no disputed material facts and defendant failed to establish a prima facie case of ineffective assistance of counsel.

Defendant appeals, arguing a single point:

> DEFENDANT WAS DENIED THE RIGHT TO COUNSEL AS COUNSEL IGNORED THE AFFIRMATIVE DEFENSE OF SELF DEFENSE IN ALL PHASES OF THE PROCEEDINGS, RENDERING HIMSELF INEFFECTIVE.

When, as here, the PCR judge does not hold an evidentiary hearing, "we review both the factual inferences drawn from the record and any legal conclusions de novo." State v. Balbosa, 481 N.J. Super. 497, 519 (App. Div. 2025). See also State v. Nash, 212 N.J. 518, 540-41 (2013) (applying a "sufficient credible evidence" standard to a PCR judge's findings.).

Furthermore, when applying de novo review, appellate courts "view the facts in the light most favorable to the defendant." State v. Jones, 219 N.J. 298, 311 (2014). Our case law also indicates that appellate courts review a PCR judge's decision on whether to proceed without an evidentiary hearing for an abuse of discretion. See Balbosa, 481 N.J. Super. at 519-20 (citing State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023)).[2] However, given the uncertainty as to the appropriate standard of review of a PCR judge's decision on whether to hold an evidentiary hearing, we err on the side of caution and review de novo whether defendant has established the grounds for an evidentiary hearing in this case.

Based on our de novo review, we conclude defendant's contentions lack sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2), and

---

[2] Applying an abuse-of-discretion standard to a PCR judge's decision to deny a defendant's request for an evidentiary hearing appears to be in tension with the long-settled rule that we review de novo not only a trial court's interpretation of the law but also the legal "consequences that flow from established facts." State v. Gamble, 218 N.J. 412, 425 (2014). Cf. Balbosa, 481 N.J. Super. at 519-20 (stating that "we review both the factual inferences drawn from the record and any legal conclusions de novo" and that "[w]e review the PCR court's decision to proceed without an evidentiary hearing for an abuse of discretion."). Arguably, the question of whether a defendant has established a prima facie case in support of PCR—a critical inquiry in determining whether an evidentiary hearing is required—is a question of law, or at least a mixed question, that is, a legal consequence that flows from established facts. See R. 3:22-10(b); see also Preciose, 129 N.J. at 462 (PCR judges "ordinarily should grant evidentiary hearings . . . if a defendant has presented a prima facie [PCR case].").

affirm substantially for the reasons expressed in Judge Incarvito-Garrabrant's cogent thirteen-page written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3060-24